UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN A. KELLOGG, | ) Case No. 05-0955-MJP-JPD |
| Petitioner, | ) |
| | ) ORDER DIRECTING |
| v. | ) SUPPLEMENTATION OF |
| | ) THE RECORD |
| DR. ANDREW PHILLIPS, | ) |
| Respondent. | ) |

This matter comes before the Court upon the petitioner's filing for a writ of habeas corpus under 28 U.S.C. § 2254. On July 23, 1990, petitioner was found not guilty by reason of insanity after being charged with first degree murder in Snohomish County Superior Court. Dkt. No. 12, Exs. 1, 2. Following a determination that petitioner was competent to enter a plea, the Superior Court committed him to Western State Hospital ("WSH") for psychiatric treatment, where he remains incarcerated. *Id.* at Ex. 1.

On May 24, 2005, petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court, raising three claims for relief. Dkt. Nos. 1, 4. In its answer, respondent argues that the petition is time-barred and that it is not subject to equitable tolling. Dkt. No. 10. Having carefully reviewed the parties' papers and the available record, the Court ORDERS as follows:

(1) Respondent is ORDERED to supplement the record with information regarding whether petitioner was mentally or legally competent to file a habeas petition during the period of April 24, 1996, to April 24, 1997. R. Gov. § 2254 Cases In U.S. Dist. Cts. 7. Respondent

ORDER DIRECTING
SUPPLEMENTATION OF THE RECORD
PAGE -1

shall submit such information no later than **November 18, 2005.** Petitioner's petition for writ of habeas corpus shall be re-noted for that date.

Mental incompetence can satisfy the high standard necessary to permit equitable tolling. *Calderon v. U.S. Dist. Court for Cent. Dist. of California (Kelly)*, 163 F.3d 530, 541-42 (9th Cir. 1998) (en banc), *abrogated in part on other grounds by Woodford v. Garceau,* 538 U.S. 202, 209-10 (2003). In order to do so, petitioner must show that his "mental incompetence in fact caused him to fail to meet the . . . filing deadline[.]" *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). This inquiry must focus on the period in which the equitable tolling would have applied. *Id*. at 923-24. When a petitioner asserts in a verified petition that he is entitled to equitable tolling based on mental incompetence and the record lacks evidence to the contrary, the Court must order further factual development. *Id*. at 924.

In this case, the period in which equitable tolling would apply is April 24, 1996, to April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (indicating that the deadline for federal habeas petitioners convicted before April 24, 1996, to file timely was April 24, 1997). Although petitioner was found competent to enter his plea, his reply states that "[m]ental illness has prevented [him] from timely filing" his petition. Dkt. No. 14. Petitioner has also submitted treatment notes from 2004 and 2005 which indicate that he suffers from a schizoaffective disorder, has delusional thought processes, and he is a danger to others. *Id*. This evidence does not conclusively indicate whether petitioner was competent during the period in question, but it does suggest that this may be the case. Without more evidence relevant to the period in question, "we do not know whether [petitioner's] mental condition had deteriorated since [trial] such that he fell below a minimum standard of legal competence." *Laws*, 351 F.3d at 923. Hence, the current record in this case is inadequate to determine whether petitioner was mentally incompetent to file his habeas petition during the period in question and the record must be supplemented.

01    (2)    The Clerk is directed to send a copy of this Order to petitioner, counsel for
02 respondent and to the Honorable Marsha J. Pechman.

    DATED this 14th day of October, 2005.

                                           _____
                                           JAMES P. DONOHUE
                                           United States Magistrate Judge