UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN A. KELLOGG, | ) |
| Petitioner, | ) Case No. 05-0955-MJP-JPD |
| v. | ) |
| DR. ANDREW PHILLIPS, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. Respondent has filed a response opposing the petition. Following a careful review of the record, the Court recommends that petitioner's § 2254 petition be denied because it is barred by the statute of limitations.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner was charged in Snohomish County Superior Court with the first degree murder of his father.[1] Dkt. No. 12, Exs. 1, 2. Petitioner admitted to the killing, but pleaded not guilty by reason of insanity. Dkt. No. 12, Ex. 2. On July 23, 1990, the Superior Court

---

[1] There is some inconsistency in the record with respect to the specific crime with which petitioner was charged. The order from the Court of Appeals dismissing his personal-restraint petition states that the petitioner was charged with second-degree murder. Ex. 6. However, the § 2254 petition, order of commitment, and petitioner's reply indicate that he was charged with first-degree murder. Dkt. No. 12, Ex. 1; Dkt. Nos. 1, 14.

REPORT AND RECOMMENDATION
PAGE -1

entered an order finding petitioner competent to enter his plea, but determined that he was insane at the time of the crime and thus found him not guilty by reason of insanity. Dkt. No. 12, Ex. 1. The court further found that petitioner was a "substantial danger" to public safety and committed him to treatment at Western State Hospital, where he remains today. *Id*.

On June 17, 2004, petitioner filed a Personal Restraint Petition ("PRP") with Division One of the Washington Court of Appeals. Dkt. No. 12, Ex. 4. The PRP was dismissed as time-barred because it was filed long after the one-year statute of limitations had expired. Dkt. No. 12, Ex. 6. A certificate of finality was issued on December 6, 2004. Dkt. No. 12, Ex. 7.

On November 10, 2004, petitioner filed a second PRP with the Court of Appeals. Dkt. No. 12, Ex. 8. On December 8, 2004, the court found that the second petition raised issues similar to the first and therefore dismissed it as successive. Dkt. No. 12, Ex. 9.

On January 13, 2005, petitioner filed a Motion for Discretionary Review of his second PRP with the Washington Supreme Court. Dkt. No. 12, Exs. 10, 11. He argued, among other things, that he was not knowingly informed of his right to appeal and that his right to a fair trial was violated by a variety of alleged conspiracies between the Snohomish County defender, prosecutor, police, and Superior Court. Dkt. No. 12, Ex. 10. The court determined that the motion was untimely, but notified petitioner by letter dated January 14, 2005, that he could file a motion for extension of time, and that such motion needed to be filed no later than February 11, 2005. Dkt. No. 12, Ex. 11. The Supreme Court received a letter from petitioner on January 25, 2005, which indicated he would "try again." Dkt. No. 12, Ex. 12. However, petitioner failed to file a motion for extension of time and the Supreme Court dismissed the motion for discretionary review of the PRP as abandoned on February 16, 2005. Dkt. No. 12, Ex. 13. A certificate of finality was issued on May 17, 2005. Dkt. No. 12, Ex. 14.

On February 9, 2005, petitioner filed a third PRP with the Court of Appeals, which

REPORT AND RECOMMENDATION
PAGE -2

the court dismissed as time-barred, successive, and meritless. Dkt. No. 12, Exs. 15, 16. Petitioner moved for discretionary review of the third dismissal with the Washington Supreme Court. Dkt. No. 12, Ex. 17. The court agreed with the Court of Appeals and denied the PRP. Dkt. No. 12, Ex. 18. A certificate of finality was issued on June 21, 2005. Dkt. No. 12, Ex. 19.

On May 24, 2005, petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court. Dkt. No. 1. His amended petition is now before the Court. Dkt. No. 4.

### III. CLAIMS FOR RELIEF

Petitioner's amended habeas petition raises three grounds for relief. He argues that (1) he was not competent at his sentencing hearing; (2) he was not notified of his right to appeal; and (3) the Washington Supreme Court denied his motion for discretionary review in violation of state law. Dkt. No. 4. In its answer, respondent argues that the petition is time-barred.[2] Dkt. No. 10.

### IV. DISCUSSION

A.  <u>AEDPA's Statute of Limitations Bars Petitioner's Claims.</u>

AEDPA provides for a one-year statute of limitations for § 2254 petitions challenging state-court convictions. *See* 28 U.S.C. § 2244(d)(1) (1996). The statute of limitations applies to petitioners whose state-court judgments became final prior to the date AEDPA was signed into law – April 24, 1996 – but grants them a one year grace period in which to file. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, for petitioners whose judgments became final prior to April 24, 1996, the period to file expired on April 24, 1997. *Patterson*, 251 F.3d at 1245.

---

[2]Respondent also argues that petitioner has failed to exhaust his claims in state court and that petitioner is not entitled to an evidentiary hearing. Dkt. No. 12, Ex. 10. This Report and Recommendation does not address either argument because, as discussed below, the petition is time-barred. Additionally, petitioner did not request — and the facts do not require — that an evidentiary hearing be held.

In this case, the Superior Court's order of commitment became final thirty days after it was issued, on or about August 30, 1990. Wash. R. App. P. 2.2(a)(8), 5.2. Hence, petitioner had until April 24, 1997, to file a timely § 2254 petition. *Patterson*, 251 F.3d at 1245. The petition, however, was not filed until May 24, 2005, more than eight years after the statute of limitations expired. Dkt. No. 1. The petition is therefore time-barred unless petitioner can show he is eligible for statutory or equitable tolling.

      B.      <u>AEDPA's Tolling Provisions Do Not Save Petitioner's Claims From Being Time-Barred</u>.

AEDPA contains a provision that tolls the statute when a state collateral attack is properly filed. Additionally, AEDPA's statute of limitations is subject to equitable tolling under limited circumstances. Neither of these provisions, however, saves this petition from being time-barred.

      1.      <u>Statutory Tolling</u>.

The AEDPA's statute of limitations may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). Thus, a PRP that is properly filed prior to the running of the statute tolls it. A PRP is properly filed when it is accepted by the court as complying with the applicable state rules governing such filings, including proper form and fee, and within the prescribed time limits. *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2002). In this case, however, petitioner filed his first PRP on June 17, 2003, more than seven years after the AEDPA statute of limitations had expired. Dkt. No. 12, Exs. 18, 27. As a result, AEDPA's statutory tolling provisions do not save this petition.

      2.      <u>Equitable Tolling</u>.

AEDPA's statute of limitations may also subject to equitable tolling. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 & n.8 (2005). The Supreme Court, however, has indicated that equitable tolling is applicable only in very limited circumstances. To succeed on an equitable-tolling argument, the petitioner must show (1) that he has been pursuing his

REPORT AND RECOMMENDATION
PAGE -4

01 rights diligently; and (2) that some extraordinary circumstances stood in his way. *Id.* at 1814;
02 *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal citations omitted).

03     Mental incompetence can satisfy the high standard necessary to permit equitable
04 tolling. *Calderon v. U.S. Dist. Ct. for C. D. of California (Kelly)*, 163 F.3d 530, 541-42 (9th
05 Cir. 1998) (en banc), *abrogated in part on other grounds by Woodford v. Garceau,* 538 U.S.
06 202, 209-10 (2003). In order to do so, however, petitioner must show that his "mental
07 incompetence in fact caused him to fail to meet the AEDPA filing deadline[.]" *Laws v.
08 Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). This inquiry must focus on the period in
09 which the equitable tolling would have applied. *Id*. at 923-24. When a petitioner asserts in a
10 verified petition that he is entitled to equitable tolling based on mental incompetence and the
11 record lacks evidence to the contrary, the court must order factual development. *Id*. at 924.

12     For equitable tolling to apply in this case, petitioner must have been mentally
13 incompetent prior to the expiration of the statute of limitations on April 24, 1997. Petitioner
14 asserted that "[m]ental illness has prevented [him] from timely filing." Dkt. No. 14. He has
15 also submitted treatment notes from 2004 and 2005 which indicate that he suffers from a
16 schizoaffective disorder, has delusional thought processes, and is a danger to others. *Id*. As a
17 result of these allegations, the Court ordered respondent to supplement the record with
18 medical records relating to petitioner's competency during the period in question. Dkt. No.
19 15.

20     Having carefully reviewed the record, including the supplemental medical records
21 submitted by respondent, the Court concludes that the petition cannot be saved by equitable
22 tolling. The trial court found that petitioner was competent. Specifically, it found he was
23 "capable of appreciating his peril[,]" that he had a "rational as well as factual understanding
24 of the proceedings against him[,]" and that he was competent to enter his plea. Dkt. No. 12,
25 Ex. 1. These findings are presumed to be accurate, absent clear and convincing evidence to
26 the contrary. 28 U.S.C. § 2254(e)(1); *Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir. 2005).

REPORT AND RECOMMENDATION
PAGE -5

Although petitioner continues to suffer from mental illness, he has not presented clear and convincing evidence that suggests he was too incompetent to file a timely § 2254 petition. An October 4,1996, letter from petitioner's treatment providers noted that he had regained competency in February 1990. Dkt. No. 19, Ex. 20 at 1. It indicated that his treatment had "remained fairly steady" and that medication was resulting in a reduction in his delusional thinking. *Id*. at 1-3. Although there was some indication that petitioner's condition deteriorated somewhat, there is no indication that he ever reached the point of incompetency. *Id*. at 4-5. Similarly, a letter from petitioner's treatment providers dated April 24, 1997, reiterates that petitioner regained competency in February 1990, and that his condition continued to "remain fairly stable." Dkt. No. 19, Ex. 21 at 1. Despite having delusions and some set-backs, petitioner was involved in a therapeutic group, accepted leadership roles in his facility, and continued medication. *Id*. at 1-3. These letters reflect the general tenor of other treatment notes in the record as well. Thus, it appears that, although plaintiff suffered from mental illness, he was competent to file a § 2254 petition during the period in question. Equitable tolling provisions therefore do not apply and the petition should be dismissed as untimely.

## IV.  CONCLUSION

For the reasons discussed above, the Court recommends dismissing this § 2254 petition because it is barred by the statute of limitations. A proposed order accompanies this Report and Recommendation.

DATED this 12th day of January, 2006.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge